UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ROBERT E LOUGH,

        Plaintiff,

v.

SJAN TALBOT, et al.,

        Defendants.

CASE NO. 3:19-CV-05280-RBL-DWC

ORDER

The District Court has referred this 42 U.S.C. § 1983 action filed by Plaintiff Robert E. Lough to United States Magistrate Judge David W. Christel. Presently before the Court is Plaintiff's Motion to Amend Cover Page and Title Page ("Motion to Amend") and Motion for Appointment of Counsel ("Motion for Counsel"). Dkt. 9, 13.

After review of the relevant record, the Motion to Amend (Dkt. 9) is granted and the Motion for Counsel (Dkt. 13) is denied.

**I.    Motion to Amend (Dkt. 9)**

On May 17, 2019, Plaintiff signed – effectively filing – the Motion to Amend, which included a proposed amended complaint. Dkt. 9, 9-1. Plaintiff requests leave to amend to remove

the State of Washington as a Defendant and add the Department of Social and Health Services ("DSHS") and the Special Commitment Center ("SCC") as defendants in this action. Dkt. 9, p. 3.

Pursuant to Rule 15(a)(1) of the Federal Rules of Civil Procedure,

> A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Plaintiff has not previously amended his Complaint in this case. Further, Plaintiff filed the Motion to Amend ten days after the Court directed service of the Complaint. *See* Dkt. 7, 9. As Plaintiff filed his Motion to Amend within 21 days after the service of the Complaint, the Court finds Plaintiff may amend his Complaint as a matter of course. *See Trudeau v. Direct Marking Concepts, Inc.*, 90 Fed. App'x 486 (9th Cir. 2003) (finding the plaintiff was allowed to amend his complaint as a matter of right when the motion to amend was filed before the defendant filed a responsive pleading).

Therefore, Plaintiff's Motion to Amend (Dkt. 9) is granted. Plaintiff's proposed amended complaint, attached to his Motion to Amend, is hereby deemed filed as Plaintiff's Amended Complaint. *See* Dkt. 9-1. The Clerk is directed to separately docket Plaintiff's proposed amended complaint (Dkt. 9-1) as Plaintiff's Amended Complaint.

**II.     Waiver of Service**

In the Amended Complaint, Plaintiff named two new Defendants – DSHS and SCC. *See* Dkt. 9-1. The two new Defendants must be served. As counsel for the other named Defendants, Sarah Jane Coats and Craig B. Mingay, may represent DSHS and SCC, the Court finds it appropriate to allow counsel an opportunity to waive service prior to the Court directing the Clerk's Office to mail service packets to Defendants DSHS and SCC.

Accordingly, the Court directs the Clerk to attach waivers of service for Defendants DSHS and SCC to this Order. Counsel for Defendants shall have **until July 19, 2019,** to return the waiver of service of summons for Defendants DSHS and SCC. If counsel returns the signed waivers, Defendants DSHS and SCC shall have **sixty (60) days** from the date of this Order to file and serve an answer to the Amended Complaint or a motion permitted under Rule 12 of the Federal Rules of Civil Procedure.

### III.     Motion for Counsel (Dkt. 13)

On June 7, 2019, Plaintiff filed the Motion for Counsel requesting Court-appointed counsel. Dkt. 13. No constitutional right to appointed counsel exists in a § 1983 action. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *see United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary, not mandatory"). However, in "exceptional circumstances," a district court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1) (formerly 28 U.S.C. § 1915(d)). *Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds*, 154 F.3d 952 (9th Cir. 1998). To decide whether exceptional circumstances exist, the Court must evaluate both "the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). A plaintiff must plead facts showing he has an insufficient grasp of his case or the legal issues involved and an inadequate ability to articulate the factual basis of his claims. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).

In Plaintiff's Motion for Counsel, he states he is not a seasoned litigator and therefore is at a severe disadvantage in having to litigate this case against "licensed and seasoned legal

opponents." Dkt. 13. At this time, Plaintiff has not shown, nor does the Court find, this case involves complex facts or law. Plaintiff has also not shown he is likely to succeed on the merits of his case or shown an inability to articulate the factual basis of his claims in a fashion understandable to the Court. For example, Plaintiff clearly articulated his claims in his Complaint. *See* Dkt. 6. Therefore, the Court finds Plaintiff has failed to show the appointment of counsel is appropriate at this time. Accordingly, Plaintiff's Motion for Counsel (Dkt. 13) is denied without prejudice.

## IV. Conclusion

For the above stated reasons, Plaintiff's Motion to Amend (Dkt. 9) is granted and Plaintiff's Motion for Counsel (Dkt. 13) is denied. Counsel for Defendants have until July 19, 2019 to file waivers of service for Defendants DSHS and SCC or the Court will direct service by first-class mail on these two Defendants.

The Clerk is directed to docket the proposed amended complaint (Dkt. 9-1) as the Amended Complaint and update the docket to reflect the correct Defendants. The Clerk is also directed to provide Defendants' counsel (by attaching to this Order) waivers of services forms for Defendants DSHS and SCC.

Dated this 1st day of July, 2019.

David W. Christel
United States Magistrate Judge