

1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ROBERT E. LOUGH,

                            Plaintiff,

            v.

SJAN TALBOT, et al.,

                            Defendants.

CASE NO. 3:19-CV-5280-RBL-DWC

REPORT AND RECOMMENDATION
DENYING PLAINTIFF'S MOTION
FOR SANCTIONS

Noting Date:  April 17, 2020

        The District Court referred this action, filed pursuant to 42 U.S.C. § 1983, to United States Magistrate Judge David W. Christel.  Currently pending before the Court is Plaintiff's motion, styled as a motion for summary judgment, which (1) seeks sanctions against Defendants for purported failure to respond to discovery and (2) seeks an order requiring Defendants to permit Plaintiff's commitment counsel to purchase a printer for Plaintiff.  Dkts. 21, 22.[1]  For the reasons discussed below, the Court construes the motion as one for sanctions pursuant to Fed. R.

_____

[1] Plaintiff filed virtually identical motions roughly five weeks apart.  Dkts. 21, 22.  The text of each is identical, but the earlier-filed motion contains two additional exhibits.  Dkt. 21.  Because that version is more complete, the Court refers to it herein.

Civ. P. 37 and for a preliminary injunction. Because Plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 37 and his request for a printer addresses matters outside the claims raised in the underlying action, the Court recommends Plaintiff's motion be denied.

I.    **Background**

    Plaintiff, who is proceeding *pro se* and *in forma pauperis*, is a civilly committed resident of the Special Commitment Center (SCC). Plaintiff seeks monetary sanctions against Defendants, alleging they have failed to respond to his discovery requests. Dkt. 21 at 5-6. Plaintiff also complains a non-party to this action has denied Plaintiff's request that Plaintiff's commitment attorney be allowed to purchase Plaintiff a printer, and seeks a court order mandating such authorization. Dkt. 21 at 4, 5. Plaintiff filed his original motion on November 15, 2019. Dkt. 21. The Court re-noted the motion to be considered contemporaneously with Defendants' Motion for Summary Judgment.[2] Dkts. 32, 27. Defendants have responded to Plaintiff's motion, Dkt. 23, and Plaintiff has filed a reply, Dkt. 25.

II.    **Discussion**

    *A.    The Court's Construction of Plaintiff's Motion*

    Notwithstanding the title of Plaintiff's motion, it is not properly brought as a motion for summary judgment, which is governed by Fed. R. Civ. P. 56:

> A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56. Plaintiff has met none of these requirements, and is not seeking a judgment on the merits of any claim or defense. Instead, he is seeking sanctions for alleged discovery

---

[2] Defendants' motion, Dkt. 27, is addressed in a separate Report and Recommendation.

1    failures, which are governed by Fed. R. Civ. P. 37, and an order compelling authorization of the

2    purchase of a printer, which the Court construes as a request for a preliminary injunction.

3        *B.  Request for Discovery Sanctions*

4        Plaintiff alleges Defendants have "denied" Plaintiff's "requests for discovery."  Dkt. 21 at

5    5.  Plaintiff submits no evidence he has made discovery requests to Defendants under the rules

6    applicable to discovery from parties to a lawsuit, such as interrogatories (Fed. R. Civ. P. 33),

7    requests for production (Fed. R. Civ. P. 34), requests for admission (Fed. R. Civ. P. 36) or

8    depositions (Fed. R. Civ. P. 30).  Defendants submitted evidence they have received no such

9    requests.  Dkt. 35 at 1.  Instead, Plaintiff claims Defendants have not adequately responded to his

10   requests for public records pursuant to an entirely separate state statute, RCW 42.56, and a third

11   party subpoena addressed to three non-party SCC employees pursuant to Fed. R. Civ. P. 45.  Dkt.

12   21 at 14-15, 16-21.

13       Plaintiff's state law public records requests cannot be enforced in this §1983 action.

14   *Entler v. McKenna*, 487 F. App'x 417, 418 (9th Cir. 2012) (district court properly dismissed

15   § 1983 claim for alleged interference with right to access public documents because there is no

16   constitutional right to public disclosure of government documents) (*citing Houchins v. KQED,*

17   *Inc.,* 438 U.S. 1, 15 (1978) ("Neither the First Amendment nor the Fourteenth Amendment

18   mandates a right of access to government information or sources of information within the

19   government's control.")).  Instead, Plaintiff's remedy for any violation of Washington's Public

20   Records Act is a state court lawsuit under that statute.  RCW 42.56.550.

21       Plaintiff's request for sanctions for failure to comply with his third party subpoena also

22   fails.  First, Plaintiff has submitted no certificate of service or other evidence the subpoena was

23   served, and Defendants have submitted a declaration stating it was not served upon their counsel.

24

REPORT AND RECOMMENDATION DENYING
PLAINTIFF'S MOTION FOR SANCTIONS - 3

Dkt. 35 at 2.[3]  Second, the subpoena is enforceable only against the non-parties to whom it is addressed, but Plaintiff is instead seeking sanctions from the Defendants.  Most importantly, however, even if the subpoena could be construed as both addressed to and properly served upon the Defendants, Plaintiff has failed to meet the requirements of Rule 37.

Under Federal Rule of Civil Procedure 37, sanctions are available for failure to produce documents only if a party fails to comply with a Court's order directing a party to provide discovery.  *See* Fed. R. Civ. P. 37(b)(2).  There is no order in this case compelling Defendants to provide discovery.  Plaintiff cites to this Court's Pretrial Scheduling Order, but that Order merely sets deadlines by which the parties must have completed their discovery efforts; it does not compel any party to provide discovery.  Dkt. 20.

Rule 37 permits a party to seek an order from the Court to compel the opposing party to produce documents if the opposing party "fails to produce documents or fails to respond that inspection will be permitted — or fails to permit inspection — as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B)(iv).  But such a motion cannot be brought unless the parties have met and conferred in good faith to resolve their dispute without court action, and the motion "must include a certification" such a conference has occurred.  Fed. R. Civ. P. 37(a)(1).  Indeed, this Court's Pretrial Scheduling Order expressly reminded the parties of this obligation and warned "if the moving party fails to include such a certification, the court may deny the motion without addressing the merits of the dispute."  Dkt. 20 at 2.  *See also* LCR 37(a)(1).

---

[3] As Defendants note, the subpoena is also procedurally deficient, because it was not issued by the clerk of the Court or a licensed attorney, and (if served by Plainitiff himself) was not served by a non-party.  Fed. R. Civ. P. 45(a)(3) ("The clerk must issue a subpoena, signed but otherwise in blank, to a party who requests it. … An attorney also may issue and sign a subpoena if the attorney is authorized to practice in the issuing court"); Fed. R. Civ. P. 45 (a)(1) ("Any person who is at least 18 years old and not a party may serve a subpoena.").

1    Plaintiff has not provided evidence he has served requests for production on Defendants,

2    and—even if the Court were to construe Plaintiff's defectively issued and served third party

3    subpoena to constitute such requests—has failed to certify he met and conferred with

4    Defendant's counsel to resolve any discovery disputes. Thus, even if Plaintiff's request for

5    sanctions were construed as a motion to compel, Plaintiff has failed to comply with the

6    requirements of Rule 37. Plaintiff's request for sanctions should be denied.

7        *C. Request for Court-Ordered Authorization of Printer Purchase*

8        Plaintiff also seeks an order compelling Defendants' authorization of Plaintiff's

9    commitment attorney to purchase a printer for Plaintiff. Dkt. 21 at 6. The Court interprets this

10   request as a motion for a preliminary injunction.

11       Under the Prison Litigation Reform Act ("PLRA"),

12       The court shall not grant or approve any prospective relief unless the court finds
         that such relief is narrowly drawn, extends no further than necessary to correct the
13       violation of a Federal right, and is the least intrusive means necessary to correct the
         violation of the Federal right. The court shall give substantial weight to any adverse
14       impact on public safety or the operation of a criminal justice system caused by the
         relief.
15
16   18 U.S.C. § 3626(a)(1)(A).

17       The purpose of preliminary injunctive relief is to preserve the status quo or to prevent

18   irreparable injury pending the resolution of the underlying claim. *Sierra On-line, Inc. v. Phoenix*

19   *Software, Inc*., 739 F.2d 1415, 1422 (9th Cir. 1984). A preliminary injunction is appropriate to

20   grant "intermediate relief of the same character as that which may be granted finally." *De Beers*

21   *Consol. Mines v. U.S*., 325 U.S. 212, 220 (1945); *Kaimowitz v. Orlando*, 122 F.3d 41, 43 (11th

22   Cir. 1997). However, a court should not issue an injunction when the relief sought is not of the

23   same character and the injunction deals with a matter lying wholly outside the issues in the

24   underlying action. *Id*.

REPORT AND RECOMMENDATION DENYING
PLAINTIFF'S MOTION FOR SANCTIONS - 5

1    Plaintiff's request for a printer is unrelated to the underlying claims alleged in the

2    Amended Complaint.  In the Amended Complaint, Plaintiff alleges Defendants violated his

3    religious rights under the Religious Land Use and Institutionalized Persons Act (RLUIPA) and

4    the First Amendment, and discriminated against him based upon his status as a Native American in

5    violation of the Fourteenth Amendment.  Dkt. 16.  Plaintiff now seeks a Court order directing a

6    non-party, Brian Shirley, to facilitate the purchase of Plaintiff's computer equipment. Dkt. 21 at

7    4.  The allegations and relief requested in Plaintiff's motion are wholly unrelated to the claim

8    alleged in the Amended Complaint.  Therefore, the Court cannot issue the injunctive relief

9    requested.  *See Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir.

10   2015) ("When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the

11   court does not have the authority to issue an injunction.").  Plaintiff's request should be denied.

12   **III.    Conclusion**

13       For the above stated reasons, the Court recommends Plaintiff's Motion (Dkts. 21 and 22)

14   be denied.

15       Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have

16   fourteen (14) days from service of this Report to file written objections.  See also Fed. R. Civ. P.

17   6.  Failure to file objections will result in a waiver of those objections for purposes of de novo

18   review by the district judge. See 28 U.S.C. § 636(b)(1)(C).  Accommodating the time limit

19   imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on April

20   17, 2020, as noted in the caption.

21       Dated this 31st day of March, 2020.

22

23       _____

24       David W. Christel
         United States Magistrate Judge

REPORT AND RECOMMENDATION DENYING
PLAINTIFF'S MOTION FOR SANCTIONS - 6